CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANTONIO ESTRADA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| LAGOS LOUNGE INC.  (D/B/A LAGOS RESTAURANT AND LOUNGE) and JOHN-PAUL WADIBIA, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Antonio Estrada ("Plaintiff Estrada" or "Mr. Estrada"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Lagos Lounge Inc. (d/b/a Lagos Restaurant and Lounge), ("Defendant Corporation") and John-Paul Wadibia, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.       Plaintiff Estrada is a former employee of Defendants Lagos Lounge Inc. (d/b/a Lagos Restaurant and Lounge) and John-Paul Wadibia.

2.        Defendants own, operate, or control a West African Restaurant, located at 306 E 49th St, New York, NY 10017 under the name "Lagos Restaurant and Lounge".

3.      Upon information and belief, individual Defendant John-Paul Wadibia, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Estrada was employed as a dishwasher at the restaurant located at 306 E 49th St, New York, NY 10017.

5.      At all times relevant to this Complaint, Plaintiff Estrada worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Estrada appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Estrada the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Estrada to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Estrada and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Estrada now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Estrada seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Estrada's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a West African Restaurant located in this district.

14.     Further, Plaintiff Estrada was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Antonio Estrada ("Plaintiff Estrada" or "Mr. Estrada") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Estrada was employed by Defendants at Lagos Bar from approximately January 2021 until on or about September 2021.

17.     Plaintiff Estrada consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a West African Restaurant, located at 306 E 49th St, New York, NY 10017 under the name "Lagos Restaurant and Lounge".

19.     Upon information and belief, Lagos Lounge Inc. (d/b/a Lagos Restaurant and Lounge) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 306 E 49th St, New York, NY 10017.

20.     Defendant John-Paul Wadibia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John-Paul Wadibia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John-Paul Wadibia possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Estrada, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a West African Restaurant located in the Midtown East section of Manhattan in New York City.

- 4 -

22.    Individual Defendant, John-Paul Wadibia, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.    Each Defendant possessed substantial control over Plaintiff Estrada's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Estrada, and all similarly situated individuals, referred to herein.

25.    Defendants jointly employed Plaintiff Estrada (and all similarly situated employees) and are Plaintiff Estrada's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    In the alternative, Defendants constitute a single employer of Plaintiff Estrada and/or similarly situated individuals.

27.    Upon information and belief, Individual Defendant John-Paul Wadibia operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.   At all relevant times, Defendants were Plaintiff Estrada's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Estrada, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Estrada's services.

29.   During 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.   Plaintiff Estrada is a former employee of Defendants who was employed as Dishwasher.

32.   Plaintiff Estrada seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonio Estrada*

33.   Plaintiff Estrada was employed by Defendants from approximately January 2021 until on or about September 2021.

34.     Defendants employed Plaintiff Estrada as a dishwasher, but was generally required to clean the restaurant, bar, kitchen, and bathroom, prepare foods, take out the garbage, and stock up merchandise.

35.     Plaintiff Estrada regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Estrada's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Estrada regularly worked in excess of 40 hours per week.

38.     From approximately January 2021 until on or about April 30, 2021, Plaintiff Estrada worked from approximately 3:00 p.m. to 5:00 p.m. until on or about 5:00 a.m. to 6:00 a.m., 4 days a week and from approximately 8:00 a.m. to 9:00 a.m. until on or about 5:00 a.m. to 6:00 a.m., 2 days a week (typically 78 to 90 hours per week).

39.     From approximately May 1, 2021 until on or about September 2021, Plaintiff Estrada worked from approximately 3:00 p.m. to 5:00 p.m. until on or about 5:00 a.m. to 6:00 a.m., 3 days a week and from approximately 8:00 a.m. to 9:00 a.m. until on or about 5:00 a.m. to 6:00 a.m., 2 days a week (typically 104 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Estrada his wages by personal check.

41.     From approximately January 2021 until on or about September 2021, Defendants paid Plaintiff Estrada a range from approximately $392.40 to approximately $810.00 per week.

42.     For approximately 1 week, Defendants did not pay Plaintiff Estrada any wages for his work.

43.     Plaintiff Estrada's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Estrada to work an additional 1 hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

45.     Defendants never granted Plaintiff Estrada any breaks or meal periods of any kind.

46.     Plaintiff Estrada was only required to keep track of his time during the last month of his employment. However, the machine used to record his hours did not work properly and so it recorded fewer hours than he actually worked. As a result, Plaintiff Estrada was not properly compensated for all of the hours that he worked.

47.     On a number of occasions, Defendants required Plaintiff Estrada to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

48.     In addition, in order to get paid, Plaintiff Estrada was required to sign a document in which Defendants misrepresented the hours that he worked per week.

49.     Defendants took improper and illegal deductions of Plaintiff Estrada's wages; Defendants deducted $100 from Plaintiff Estrada's weekly wages for unknown reasons.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Estrada regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Estrada an accurate statement of wages, as required by NYLL 195(3).

52.     In fact, Defendants adjusted Plaintiff Estrada's paystubs so that they reflected inaccurate wages and hours worked.

53.    Defendants did not give any notice to Plaintiff Estrada, in English and in Spanish (Plaintiff Estrada's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Estrada (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

55.    Plaintiff Estrada was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.    Defendants' pay practices resulted in Plaintiff Estrada not receiving payment for all his hours worked, and resulted in Plaintiff Estrada's effective rate of pay falling below the required minimum wage rate.

57.    Defendants habitually required Plaintiff Estrada to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Estrada worked.

59.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60.    On a number of occasions, Defendants required Plaintiff Estrada to sign a document the contents of which he was not allowed to review in detail. Defendants required Plaintiff Estrada

to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Estrada his wages in personal check.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Estrada (and similarly situated individuals) worked, and to avoid paying Plaintiff Estrada properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Estrada and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff  Estrada and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Estrada and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.     Plaintiff Estrada brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.     At all relevant times, Plaintiff Estrada and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

69.     The claims of Plaintiff Estrada stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.     Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

71.     At all times relevant to this action, Defendants were Plaintiff Estrada's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Estrada (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Estrada (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Estrada (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Estrada (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Estrada (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Estrada (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Estrada (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE ACT**

81.     Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Estrada's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Estrada, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Estrada less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Estrada the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Estrada was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

86.     Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Estrada overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.      Defendants' failure to pay Plaintiff Estrada overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.      Plaintiff Estrada was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

90.       Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

91.      Defendants failed to pay Plaintiff Estrada one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Estrada's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92.      Defendants' failure to pay Plaintiff Estrada an additional hour's pay for each day Plaintiff Estrada's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.      Plaintiff Estrada was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

94.      Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants failed to provide Plaintiff Estrada with a written notice, in English and in Spanish (Plaintiff Estrada's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.      Defendants are liable to Plaintiff Estrada in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

97.      Plaintiff Estrada repeats and realleges all paragraphs above as though fully set forth herein.

98.      With each payment of wages, Defendants failed to provide Plaintiff Estrada with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendants are liable to Plaintiff Estrada in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

100.     Plaintiff Estrada repeats and realleges all paragraphs above as though set forth fully herein.

101.     At all relevant times, Defendants were Plaintiff Estrada's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

102.     Defendants made unlawful deductions from Plaintiff Estrada's wages; specifically, Defendants deducted $100 from Plaintiff Estrada's weekly wages for unknown reasons.

103.     The deductions made from Plaintiff Estrada's wages were not authorized or required by law.

104.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Estrada's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

105.     Plaintiff Estrada was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Estrada respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiff Estrada in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Estrada and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Estrada and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Estrada' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Estrada and the FLSA Class members;

(f)      Awarding Plaintiff Estrada and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Estrada and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Estrada;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Estrada;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Estrada;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Estrada;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Estrada' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Estrada;

(n)    Awarding Plaintiff Estrada damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Estrada damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Estrada liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Estrada and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Estrada and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Estrada demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 4, 2022

CSM LEGAL, P.C

By:     _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 19 -

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510                                              Telephone: (212) 317-1200
New York, New York 10165                                                Facsimile: (212) 317-1620

catalina@csmlegal.com

March 14, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Antonio Estrada

Legal Representative / Abogado:     CSM Legal, P.C

Signature / Firma:

Date / Fecha:                       14 de marzo 2022

*Certified as a minority-owned business in the State of New York*